IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

___

The Estate of Ty'Rese West by,
Dwight Person, father and heir and participant
in the estate of the decedent Ty'Rese West

           Plaintiffs,

v.

Mount Pleasant Police Officer Eric Giese
(in his official capacity),

           Defendant(s).

Case No.: 19-CV-1844

___

**DEFENDANT MOUNT PLEASANT POLICE OFFICER ERIC GIESE'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**
___

    NOW COMES this answering Defendant, Mount Pleasant Police Officer Eric Giese ("Defendant"), by his attorneys, Crivello Carlson, S.C., and as and for his Answer and Affirmative Defenses to Plaintiffs' Complaint, (ECF No. 1), hereby admits, denies, alleges, and shows the Court as follows:

    1.    Answering paragraph 1 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of these allegations and therefore denies them, putting Plaintiffs to their proof thereon.

    2.    Answering paragraph 2 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of these allegations and therefore denies them, putting Plaintiffs to their proof thereon.

    3.    Answering paragraph 3 of the Complaint, admits that Eric Giese was a police officer for the Village of Mount Pleasant at all times relevant to the Complaint and that he acted

1

in the course and scope of his office and authority, consistent with the laws of the State of Wisconsin and the United States Constitution; as further answer to any remaining allegations, dnies Plaintiffs' description is either complete or correct.

4. Answering paragraph 4 of the Complaint, admits that Ty'Rese West was traveling in the Village of Mount Pleasant on a bicycle, which did not have a headlamp, on June 15, 2019; deny that West was unarmed; as further answer to any remaining allegations, denies Plaintiffs' description is either complete or correct.

5. Answering paragraph 5 of the Complaint, admits.

6. Answering paragraph 6 of the Complaint, admits.

7. Answering paragraph 7 of the Complaint, admits.

8. Answering paragraph 8 of the Complaint, denies Plaintiffs' description is either complete or correct.

9. Answering paragraph 9 of the Complaint, denies Plaintiffs' description is either complete or correct.

10. Answering paragraph 10 of the Complaint, admits that no other law enforcement officers were physically present with Officer Giese at the time of the incident that is the subject matter of the Complaint; as further answer to any remaining allegations, denies Plaintiffs' description is either complete or correct.

11. Answering paragraph 11 of the Complaint, denies.

12. Answering paragraph 12 of the Complaint, denies Plaintiffs' description is either complete or correct.

13. Answering paragraph 13 of the Complaint, denies Plaintiffs' description is either complete or correct.

14. Answering paragraph 14 of the Complaint, admits that Officer Giese discharged his service weapon on the date of the incident that is the subject matter of the Complaint; as further answer to any remaining allegations, denies Plaintiffs' description is either complete or correct.

15. Answering paragraph 15 of the Complaint, admits that Ty'Rese West is deceased; as further answer to any remaining allegations, Defendant lacks knowledge and information sufficient to form a belief as to the truth of these allegations and therefore denies them, putting Plaintiffs to their proof thereon.

16. Answering paragraph 16 of the Complaint, Defendant restates, realleges, and incorporates by reference as though set forth fully herein his answers to paragraphs 1 through 15 above, and the affirmative defenses herein.

17. Answering paragraph 17 of the Complaint, admits that Officer Eric Giese was acting under color of state law at all times relevant to the Complaint; as further answer, denies that Plaintiffs' have sued Officer Eric Giese in his official capacity, and affirmatively asserts that Plaintiffs' allegations indicate an intent to sue Officer Eric Giese in his individual capacity; as further answer to any remaining allegations, denies Plaintiffs' description is either complete or correct.

18. Answering paragraph 18 of the Complaint, denies.

19. Answering paragraph 19 of the Complaint, denies.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to Plaintiffs' Complaint, Defendant submits the following:

a. The injuries and damages sustained by Plaintiffs were caused in whole or in part by the acts or omissions of Ty'Rese West and/or the failure to mitigate;

b. The injuries and damages sustained by Plaintiffs were caused in whole or in part by the acts or omissions of persons other than Defendant;

c. Plaintiffs cannot establish that any acts or non-acts of Defendant caused constitutional deprivations, if any;

d. The Complaint contains allegations that fail to state claims upon which relief may be granted as against Defendant;

e. Defendant is immune from suit by immunities including qualified immunity and discretionary immunity;

f. Plaintiffs have failed to state claims for and are not legally entitled to compensatory damages;

g. Plaintiffs have failed to state claims for and are not legally entitled to punitive damages;

h. Any injuries or damages sustained by Plaintiffs are the result of an intervening and/or superseding cause preventing Plaintiffs any rights of recovery against Defendant;

i. Plaintiffs may have failed to name necessary and indispensable parties;

j. To the extent Plaintiffs are bringing state law claims, the claims are subject to limitations, requirements (including notice requirements and others), damages caps, and immunities in Wis. Stat. § 893.80;

k. At all times relevant to matters alleged in Plaintiffs' Complaint, Defendant acted in good faith, in accordance with established laws and administrative rules;

l. Defendant reserves the right to name additional affirmative defenses, as they may become known through further discovery or other in this action.

WHEREFORE, Mount Pleasant Police Officer Eric Giese respectfully requests the following relief:

1. for a dismissal of Plaintiffs' Complaint upon its merits and with prejudice;
2. for the costs and disbursements of this action;
3. for reasonable actual attorneys' fees pursuant to 42 U.S.C. § 1988; and
4. for such other relief as this Court deems just and equitable.

## DEFENDANT HEREBY DEMANDS A JURY OF SIX

Dated this 28th day of January, 2020.

> By: s/ Benjamin A. Sparks
> SAMUEL C. HALL JR.
> State Bar No: 1045476
> BENJAMIN A. SPARKS
> State Bar No. 1092405
> Attorney for Defendant, Mount Pleasant Police Officer Eric Giese
> CRIVELLO CARLSON, S.C.
> 710 N. Plankinton Avenue, Suite 500
> Milwaukee, WI 53203
> Ph: (414) 271-7722
> Fax: (414) 271-4438
> E-mail: shall@crivellocarlson.com
> bsparks@crivellocarlson.com