IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

ESTATE OF TYRESE WEST,
Deceased, by MONIQUE WEST,
a Special Administrator,

                                                              Case No.:       19-CV-1843

        Plaintiff,

v.

INV. ERIC GIESE and
VILLAGE OF MT. PLEASANT,
A Municipal Corporation,

        Defendants.
_____

The Estate of Ty'Rese West by,
Dwight Person, father and heir and participant
in the estate of the decedent Ty'Rese West

                                                              Case No.:       19-CV-1844

        Plaintiffs,

v.

Mount Pleasant Police Officer Eric Giese
(in his official capacity),

        Defendant(s).
_____

**DEFENDANTS INV. ERIC GIESE (a/k/a "MOUNT PLEASANT POLICE OFFICER
ERIC GIESE") AND VILLAGE OF MT. PLEASANT'S
CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE
MOTION TO CONSOLIDATE CASES**
_____

        Defendants, Inv. Eric Giese (a/k/a "Mount Pleasant Police Officer Eric Giese") and the

Village of Mount Pleasant (collectively "Defendants"), by and through their attorneys, Crivello

Carlson, S.C., respectfully move the Court for an order, pursuant to Civil L. R. 7(h), 42(a), and

1

Fed. R. Civ. P. 42(a), consolidating the above-captioned cases in all aspects.  Grounds for this Motion are as follows:

Rule 42(a) of the Federal Rules of Civil Procedure states:

> **Consolidation**.  If actions before the court involve a common question of law or fact, the court may:
>
> > (1)  join for hearing or trial any or all matters at issue in the actions;
> > (2)  consolidate the actions; or
> > (3)  issue any other orders to avoid unnecessary cost or delay.

"In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible."  *BP Products North America, Inc. v. Bulk Petroleum Corp.*, Nos. 07-C-1085, 07-C-1090, 2008 WL 4066106, at *5 (E.D. Wis. Aug. 27, 2008) (citing *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)).  Specifically, "[c]onsolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency."  *Id.* (citing *EEOC v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994)).

Here, consolidation is appropriate because the two above-captioned cases involve nearly identical questions of law and fact.  Eric Giese is the sole substantive[1] defendant in both cases.  *Compare* (Compl. Count I ¶ 1, ECF No. 1, 2:19-cv-01843-PP) *with* (Compl. ¶ 3, ECF No. 1, 2:19-cv-01844.)  Both cases arise from the exact same factual background involving events that occurred on June 15, 2019.  *Compare* (Compl. Count I ¶¶ 6–14, ECF No. 1, 2:19-cv-01843-PP) *with* (Compl. ¶¶ 4–15, ECF No. 1, 2:19-cv-01844.)  Further, Plaintiffs in both cases bring the same causes of action under 42 U.S.C. § 1983 alleging excessive force in violation of Ty'Rese West's Fourth and Fourteenth Amendment rights under the U.S. Constitution.  (*Compare*

---

[1] The Village of Mt. Pleasant is a named Defendant only in Case No. 2:19-cv-01843-PP, and its status as a defendant is solely as the alleged indemnitor for any damages assessed against Eric Giese.  *See* (Compl. Count III ¶¶ 1–20, ECF No. 1, 2:19-cv-01843-PP).  There are no independent, substantive claims against the Village in either Case No. 2:19-cv-01843-PP or Case No. 2:19-cv-01844.

(Compl. Count I ¶¶ 1–19, ECF No. 1, 2:19-cv-01843-PP) *with* (Compl. ¶¶ 16–19, ECF No. 1, 2:19-cv-01844.) Plaintiffs in case number 2:19-cv-01843-PP also allege a wrongful death claim under Wisconsin law, which is still premised on the same set of facts. *See* (Compl. Count II ¶¶ 1–18, ECF No. 1.) Thus, the above-captioned cases share nearly identical questions of law and fact, and they involve the same Defendants.

Because the above-captioned cases involve common questions of law and fact, litigating both matters separately will undoubtedly result in duplicated efforts and costs. Moreover, litigating the cases separately will duplicate significant judicial resources, as both cases will involve the same factual witnesses, legal issues, discovery issues, defense experts, and Defendants. In short, the law favors consolidation in circumstances like these, where, absent consolidation, the same exact case would effectively be litigated twice. *BP Products North America, Inc.*, 2008 WL 4066106, at *5.

Accordingly, in the interests of avoiding duplicated efforts and promoting judicial economy, Defendants respectfully request that the Court consolidate the above-captioned actions into a single case.

Dated this 28th day of January, 2020.

> By: s/ Benjamin A. Sparks
> SAMUEL C. HALL JR.
> State Bar No: 1045476
> BENJAMIN A. SPARKS
> State Bar No. 1092405
> Attorney for Defendants, Eric Giese and Village of Mt. Pleasant
> CRIVELLO CARLSON, S.C.
> 710 N. Plankinton Avenue, Suite 500
> Milwaukee, WI 53203
> Ph: (414) 271-7722
> Fax: (414) 271-4438
> E-mail: shall@crivellocarlson.com
> bsparks@crivellocarlson.com